# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PAMELA CAUGHRON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WALMART INC.,<br><br>　　　　Defendant. | Case No. 2:23-cv-00411-JCM-NJK<br><br>Order |

This case has been removed on diversity grounds. *See* Docket No. 1.

To assist federal courts in ensuring that diversity jurisdiction exists, the corporate disclosure statement filed by each party "must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party." Fed. R. Civ. P. 7.1(a)(2).[1] For purposes of diversity jurisdiction, a corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," *i.e.*, the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Defendant's certificate of interested parties fails to identify its state of incorporation or the state where its principal place of business is located. *See* Docket No. 2.

Accordingly, Defendant must file an amended certificate of interested parties by March 24, 2023.

IT IS SO ORDERED.

Dated: March 17, 2023

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　Nancy J. Koppe
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[1] This federal rule became effective on December 1, 2022.